IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

08 CIV 6278

---

AWILDA SANTIAGO-MARCANO,

Plaintiff,

**COMPLAINT**

-against-

**JURY TRIAL REQUESTED**

**INDEX NO.**

HIP HEALTH PLAN OF NEW YORK
A/K/A HIP INSURANCE COMPANY OF NEW
YORK,

Defendant.

---

RECEIVED
JUL 11 2008
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Awilda Santiago-Marcano, by her attorneys Steven Zalewski & Associates, P.C., as and for her complaint, alleges:

## NATURE OF CASE

1. Plaintiff is a female Hispanic who seeks redress for discrimination suffered by her in her capacity as an employee of the HIP Health Plan of New York a/k/a HIP Insurance Company of New York (hereinafter referred to as "Defendant"). Plaintiff has been discriminated against by Defendant on account of her race, national origin and gender in violation of 42 U.S.C. § 1981 and 42 U.S.C. § 2000 e-5, and Article 15 of the New York Executive Law § 296 and N.Y. City Administrative Code §§ 8-101 et seq.. This action is also based on the provisions of 29 U.S.C. § 201, *et seq.*, commonly referred to as the Fair Labor Standards Act of 1938, as amended by the Equal Pay Act of 1963.

## PARTIES

2. Plaintiff, who is over eighteen years of age, is a citizen of the State of Pennsylvania, County of Monroe. Her address is 3103 Northampton Road, Tobyhanna, PA 18466.

3. Defendant is a not-for-profit corporation, upon information and belief, organized and existing under the laws of the State of New York, having its principle place of business located at 55 Water Street, New York, New York 10041. Upon information and belief, EblemHealth Inc., the parent company of Defendant and Greater Health Inc. ("GHI") has submitted a plan to convert and combine Defendant and GHI into a single for-profit entity. Upon information and belief, the plan has not yet been approved by New York State Insurance Department.

4. Plaintiff commenced her employment with Defendant in or about 1998.

## JURISDICTION AND VENUE

5. The jurisdiction of this Federal District Court is invoked pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5 (Title VII), 29 U.S.C. § 216 (Equal Pay Act) and 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims) and other provisions of the law.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), (c) and 42 U.S.C. §2000e-5(f)(3) because Defendant has offices, conducts business and can be found in the district, and the cause of action and acts complained of occurred therein.

7. Upon information and belief, the Defendant's principle place of business located at 55 Water Street, New York, New York 10041.

8. The unlawful employment practices alleged herein were committed within the State of New York.

## COMPLIANCE WITH JURISDICTIONAL
## REQUIREMENTS OF TITLE VII AND THE EQUAL PAY ACT

9. Defendant is an employer engaged in an industry that affects commerce an employs more than fifteen (15) employees.

10. Defendant is a not-for-profit corporation and is a "person" within the meaning of § 701(a) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.S. § 2000e(a).

11. At all times set forth, Defendant was engaged in commerce or providing services for interstate commerce and was an employer within the definition of the Fair Standards Labor Act of 1938 Section 3, 29 U.S.C. § 203, as amended by the Equal Pay Act of 1963 and Plaintiff was at all times herein set forth an employee within the definition of said section.

12. All conditions precedent to jurisdiction under Section 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3) have occurred or have been complied with , to wit a charge of employment discrimination was timely filed with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"). Within the said charge Plaintiff alleged Defendant violated federal anti-discrimination laws.

13. The EEOC issued a Right to Sue letter on April 14, 2008 (a copy of which is annexed hereto as Exhibit A).

## BACKGROUND AND FACTS

14. In 1998, Defendant hired Plaintiff as an Account Liaison in the New Business/Marketing Department. Plaintiff excelled in this position and exceeded all the goals.

15. In or about 2002, Plaintiff was promoted to Assistant Director of Implementation. As Assistant Director, Plaintiff was responsible for ensuring that all new business was pre-underwritten in a timely manner and that the new members were enrolled within a timely basis. Plaintiff excelled in this position and received above average reviews from her supervisors.

16. In November 2004, Plaintiff's supervisor, Kathleen Hoffman-Brown ("Hoffman-Brown") advised Plaintiff that she was being promoted to a new position with augmented responsibilities and duties. In Plaintiff's new position, she would be responsible for Small Group Services and Implementation of Commercial New Business and Account Management. In this position, Plaintiff's job responsibilities increased in that a staff of twenty-one people would report to her and she would be responsible for three different lines of business which generated premiums in excess of $150,000,000.

17. Hoffman-Browne explained to Plaintiff along with her new duties and responsibilities, Plaintiff would be given the job title of "Director" of Small Group Services & Implementation of Commercial New Business & Account Management. In addition to the new job title, Plaintiff would also receive an accompanying increase in her compensation package.

18. In January 2005, Plaintiff assumed the job responsibilities and tasks of the Director of Small Group Services & Implementation of Commercial New Business & Account Management.

19. Throughout 2005 and 2006, Plaintiff thoroughly performed her new job responsibilities and duties, and received positive evaluations from her supervisors.

20. Despite repeated assurances by her supervisor and others in management that her title and compensation package would change to reflect her new responsibilities and duties, neither was ever revised to reflect Plaintiff's new responsibilities and duties.

21. Upon information and belief, Plaintiff was treated in a manner different from the treatment received by similarly situated white males who handled similar books of business of that of Plaintiff.

22. Upon information and belief, similarly situated white males received higher compensation packages than that of Plaintiff.

23. Upon information and belief, Greg McAndrews, Wes Guzman and John Alba handled the same book of business of that of Plaintiff; however each of these men received a higher incentive compensation package than that of Plaintiff.

24. Plaintiff alerted Defendant's human resource department and upper management for guidance as to why her compensation plan and or title was not revised in light of her new responsibilities and duties.

25. In May 2006, after nearly a year and a half successful performance in her position as "acting" Director of Small Group Services & Implementation of Commercial New Business & Account Management, she was advised by Defendant's management staff that there would be no retroactive change in her compensation plan and that they would review her duties going forward to determine an appropriate pay plan.

26. Despite assurances by Defendant's management staff that her compensation package would be revised to reflect her new duties, no changes made to Plaintiff's compensation package or title.

27. In October 26, 2006, Plaintiff resigned from Defendant.

28. In December 2006, Plaintiff filed a charge with the EEOC alleging *inter alia* violations of Title VII of the Civil Rights Act.

29. On April 14, 2008, the EEOC issued a Right to Sue letter to Plaintiff (see Exhibit A).

### AS AND FOR A FIRST CAUSE OF ACTION
### (Title VII of the Civil Rights Act)

30. Plaintiff reiterates and re-alleges the contents of paragraphs number "one" (1) through "twenty-nine" (29) with the same force and effect as if fully set forth herein.

31. Defendant's actions violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000-3 *et seq.*)

32. By reason of the foregoing, Defendant is liable to Plaintiff for compensatory damages in the amount of $1 million, punitive damages in the amount of $2 million, together with attorneys' fees for this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (New York State Executive Law)

33. Plaintiff reiterates and re-alleges the contents of paragraphs number "one" (1) through "thirty-two" ("32") with the same force and effect as if fully set forth herein.

34. The actions of Defendant, are all in violation of Article 15, § 296 of New York State's Executive Law.

35. By reason of the foregoing, Defendant is liable to Plaintiff for compensatory damages in the amount of $1 million, punitive damages in the amount of $2 million, together with attorneys' fees for this action.

### AS AND FOR A THIRD CAUSE OF ACTION
### (New York City Human Rights Law)

36. Plaintiff reiterates and re-alleges the contents of paragraphs number "one" (1) through "thirty-five" (35) with the same force and effect as if fully set forth herein.

37. The actions of Defendant, are all in violation of New York City Administrative Code —§§ 8-101 *et seq*.

38. By reason of the foregoing, Defendant is liable to Plaintiff for compensatory damages in the amount of $1 million, punitive damages in the amount of $2 million, together with attorneys' fees for this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Equal Pay Act)

39. Plaintiff reiterates and re-alleges the contents of paragraphs number "one" (1) through "thirty-eight" (38) with the same force and effect as if fully set forth herein.

40. Defendant's actions violated the and the Fair Labor Standards Act of 1938 as amended by the Equal Pay Act of 1963, there is due and owing a sum of money equal to the salary and benefits Plaintiff would have received had there not been discriminatory actions toward Plaintiff and she had been paid equal pay for equal work.

41. By reason of the foregoing, Defendant is liable to Plaintiff for compensatory damages in the amount of $1 million, punitive damages in the amount of $2 million, together with attorneys' fees for this action.

**WHEREFORE**, Plaintiff demands relief for (1) $1 million in compensatory damages and $2 million in punitive damages on the first cause of action; (2) $1 million in compensatory damages and $2 million in punitive damages on the second cause of action; (3) $1 million in compensatory damages and $2 million in punitive damages on the third cause of action; (4) $1 million in compensatory damages and $2 million in punitive damages on the fourth cause of action; (5) attorneys' fees, costs and disbursements incurred as a result of this action; and (6) any other and further relief this Court deems just and necessary.

Dated: Kew Gardens, New York
July 10, 2008

ZALEWSKI & ASSOCIATES, P.C.

By: *Marybeth Malloy*
Marybeth Malloy (MM-3989)
Attorneys for Plaintiff
125-10 Queens Boulevard, Suite 218
Kew Gardens, New York 11415
(718) 520-6530



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New York District Office

33 Whitehall Street, 5th Floor
(212) 336-3620
TTY (212) 336-3622
General FAX (212) 336-3625

Ms. Awilda Santiago – Marcano
3103 Northampton Road
Tobyhanna, PA 18466

Re: Awilda Santiago – Marcano v. HIP Health Plan of New York
EEOC Charge No.: 520 – 2007 –00486

Dear Ms. Santiago - Marcano:

We have received your request for a Notice of Right to Sue. Your file has been before the Commission for more than 180 days. However, given the extent of the additional investigation scheduled, including the interviewing of both yours and Respondent's witnesses; we will not complete our administrative processing of your file within the next 30 days. Accordingly, we have enclosed your Notice of Right to Sue.

On behalf of the Commission

_____     4/14/2008
Spencer H. Lewis, Jr.                Dated
District Director

cc.:

Attn. M. Malloy, Esq.
Steven, Zalewski & Associate, P.C.
125 – 10 Queens Boulevard, Suite 218
Kew Gardens, New York 11415
Telephone: 718.263.6800
Facsimile: 718.520.9401

Attn.: Joan Ruby, Associate General Counsel
HIP Health Plan of New York
55 Water Street
New York, New York 10041 – 8190
Telephone: 646.447.7833

Exhibit "A"

EEOC Form 161-D (3/98)  U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Avilio Enrique Marcano
3103 N. Hampton Road
Tobyhanna, PA 18466

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2007-00486 | Hazel C. Stewart, Supervisory Investigator | (212) 336-3776 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. *(The time limit for filing suit based on a state claim may be different.)*

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr., Director

4/14/2008
*(Date Mailed)*

Enclosures(s)

cc: HIP HEALTH PLAN OF NY
Director Of Personnel/Legal
35 Water Street
New York, NY 10041

Attn.: M. Malloy, Esq.
Steven, Zalewski & Associates, P.C.
125 – 10 Queens Boulevard, Suite 218
Kew Gardens, New York 11415